UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANDREW NAPOLITANO, | Case No. 3:24-cv-00358-MMD-CLB |
| Plaintiff, | SCREENING ORDER |
| v. | |
| KENNETH WILLIAMS, et al., | |
| Defendants. | |

*Pro se* Plaintiff Andrew Napolitano, who is incarcerated in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint under 42 U.S.C. § 1983 ("Complaint") and an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1, 4.) The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's Complaint under 28 U.S.C. § 1915A.

## I.    SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption

of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In his Complaint, Plaintiff sues multiple Defendants for events that took place while he was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-1 at 1-2.) Plaintiff sues Defendants Kenneth Williams, Meagan Sullivan, John Henley, and Robert Hartman. (*Id.* at 1-3.) And he brings four claims and seeks monetary and injunctive relief. (*Id.* at 3-10.)

Plaintiff alleges the following facts. During the administrative assessment at NNCC, a medical professional told Plaintiff that he needed to have a tooth extracted because of cavity erosion. (*Id.* at 4.) On November 19, 2023, Plaintiff went to the prison dental department and had his tooth extracted. (*Id.*) The only post-treatment care he received was some medication to mitigate his pain. (*Id.*) One month later, Plaintiff's pain from the extraction site worsened and caused him "debilitating" pain. (*Id.*) Plaintiff filed a kite to the dental department seeking an "urgent appointment" because he was in extreme

pain. (*Id.* at 5.) The response told Plaintiff that he was on a list to have an appointment, and he could obtain over-the-counter pain medication at the prison canteen. (*Id.*)

Wanting better care, Plaintiff filed another kite, addressing it to Nursing Director Sullivan. (*Id.*) Sullivan sent a brief response telling Plaintiff that she was forwarding his kite to the dental department. (*Id.*) The pain continued to worsen, so Plaintiff filed more kites requesting treatment. (*Id.*) One response stated that the dental department had been closed for almost two months. (*Id.*) And another response stated that the dental department would "see [Plaintiff] when we can." (*Id.*) At this point Plaintiff sent kites to Warden Henley and Associate Warden Hartman. (*Id.* at 6.) Neither of these officials helped Plaintiff get care, with Hartman totally ignoring the kite addressed to him. (*Id.*)

After over a month of trying to get care for his pain, a nurse brought him to the dental department. (*Id.*) Despite not being a dentist, she told Plaintiff that he had an infection in his lymph nodes that was caused by the tooth extraction. (*Id.*) She referred him to a dentist for further treatment and provided him ibuprofen and a few salt packs for mouth rinsing. (*Id.*) The nurse did not provide Plaintiff with antibiotics to treat the infection. (*Id.*) Another inmate heard about Plaintiff's infection, so he gave Plaintiff some of his antibiotics to treat the infection. (*Id.*) A few days later, a dentist examined Plaintiff, but at that point he was recovering because of the antibiotics he took. (*Id.* at 7.)

Based on these allegations, Plaintiff raises four claims under the Eighth Amendment concerning his delay in receiving dental treatment. The Court construes these claims as a single Eighth Amendment deliberate indifference to a serious dental condition claim.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth

Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court finds that Plaintiff states a colorable deliberate indifference claim on screening. Liberally construing the allegations of the Complaint, Defendants Sullivan, Henley, and Hartman ignored Plaintiff's many requests for medical attention to treat the excruciating pain that arose after his tooth extraction. These Defendants knew about Plaintiff's condition but failed to get him a dental appointment for a significant amount of time. After finally receiving an appointment, Plaintiff learned that he had an infection in his lymph nodes. And after the diagnosis, Plaintiff had to self-treat the infection with antibiotics he received from another inmate. These allegations are sufficient on screening to state a colorable claim. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989)

(stating that prisoners can establish an Eighth Amendment violation with respect to dental care if they can prove that there has been a deliberate indifference to their serious dental needs). This claim will proceed against Defendants Sullivan, Henley, and Hartman.

The Court, however, dismisses Defendant Williams from the Complaint without prejudice because Plaintiff fails to allege that he personally participated in the failure to treat his pain and infection. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant.").

## III.    CONCLUSION

It is therefore ordered that a decision on the application to proceed *in forma pauperis* (ECF Nos. 1, 4) is deferred.

It is further ordered that the Clerk of Court is kindly directed to file the Complaint (ECF No. 1-1) and send Plaintiff a courtesy copy.

It is further ordered that Plaintiff's Eighth Amendment deliberate indifference to a serious dental need claim will proceed against Defendants Sullivan, Henley, and Hartman.

It is further ordered that Defendant Williams is dismissed from the Complaint without prejudice.

It is further ordered that, given the nature of the claim(s) that the Court has permitted to proceed, this action is stayed for 90 days to allow Plaintiff and Defendant(s) an opportunity to settle their dispute before the Court determines whether to grant Plaintiff's *in forma pauperis* application, the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. During this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties may not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so. The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a

subsequent order. Regardless, on or before 90 days from the date this order is entered, the Office of the Attorney General must file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

"Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

It is further ordered that if the case does not settle, then the Court will determine whether to grant Plaintiff's *in forma pauperis* application. Plaintiff will be required to pay the full $350.00 statutory filing fee for a civil action regardless of whether the Court grants Plaintiff's *in forma pauperis* application. This fee cannot be waived, and the fee cannot be refunded once the Court enters an order granting Plaintiff's application to proceed *in forma pauperis*. If Plaintiff is allowed to proceed *in forma pauperis*, the fee will be paid in installments from Plaintiff's prison trust account. *See* 28 U.S.C. § 1915(b). If Plaintiff is not allowed to proceed *in forma pauperis*, the full $350 statutory filing fee for a civil action plus the $55 administrative filing fee, for a total of $405, will be due immediately.

It is further ordered that if any party seeks to have this case excluded from the inmate mediation program, that party must file a "motion to exclude case from mediation" no later than 21 days prior to the date set for mediation. The responding party will have seven days to file a response. No reply may be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

///

///

It is further ordered that if Plaintiff needs an interpreter to participate in the mediation program, Plaintiff will file a notice identifying the interpretation language and the need for the interpreter within 30 days from the date of this order.

The Clerk of Court is further directed to add the Nevada Department of Corrections to the docket as an Interested Party and electronically provide a copy of this order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the interested party on the docket. This does not indicate acceptance of service.

It is further ordered that the Attorney General's Office must advise the Court within 21 days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of Interested Party for the purpose of participation in the Early Mediation Program. No defenses or objections, including lack of service, will be waived because of the filing of the limited notice of appearance.

DATED THIS 13th Day of February 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ANDREW NAPOLITANO,                          Case No. 3:24-cv-00358-MMD-CLB

                                    Plaintiff,    REPORT OF ATTORNEY GENERAL
                                                  RE: RESULTS OF 90-DAY STAY
        v.

KENNTEH WILLIAMS, *et al.*,

                                  Defendants.

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL WILL FILE THIS FORM. THE INMATE PLAINTIFF MAY NOT FILE THIS FORM.**

        On _____ [*the date of the issuance of the screening order*], the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report 90 days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

        ____ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

        ____ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

**____** No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

**____** No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for **_____** [*enter date*].

**____** No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

**____** None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

\* \* \* \* \*

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

**____** The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

**____** The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

**____** The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

**____** None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Signature: _____

Name:        _____

Phone #:       _____
Email:         _____